LÓPEZ, PLAINTIFF AND APPELLANT, *v.* LIZARDI, DEFENDANT AND APPELLEE.

## APPEAL from the District Court of Humacao in an Action for Rescission of Contract, etc.

No. 1965.—Decided July 24, 1919.

PURCHASE AND SALE—DELIVERY—PRESUMPTION.—When a deed of purchase and sale has been executed there is a presumption *juris tantum* that the property sold has been delivered. Generally, this presumption is a fact, but if in practice the contrary is found to be the case, the symbolic delivery recognized by Section 1365 of the Civil Code does not finally decide the question.

ID.—RESCISSORY ACTION—SALE OF LEASED PROPERTY.—When the vendor of a leased property does not bind himself to evict the lessee, the fact that the

lessee refuses to surrender the property does not of itself entitle the vendee to sue for a rescission of the contract, for the vendee, having become the owner, has in law the necessary means to evict him.

The facts are stated in the opinion.

*Messrs. Rafael Arce* and *Manuel Tous Soto* for the appellant.

*Mr. Francisco González* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Esteban López Rosa brought an action for the rescission of a certain contract of purchase and sale into which he had entered with Emilio Lizardi Echevarría, for the reason that the latter had not given him the material possession of the property sold. He also claimed damages. The complaint was dismissed and the plaintiff took the present appeal.

At the trial in the lower court the deed containing the contract of purchase and sale was exhibited. One of its clauses is as follows: "The purchaser, López, will need nothing more than this deed to give him possession of the property which he acquires by it." Section 1365 of the Civil Code reads: "A thing sold shall be considered as delivered when it is placed in the hands and possession of the vendee. When the sale *should be* (is) made by means of a public instrument the execution thereof shall be equivalent to the delivery of the thing which is the object of the contract, if in said instrument the contrary does not appear or may (not) be clearly inferred." In this case not only is there no indication or inference of the contrary, but, as we have seen, it was expressly stated that the purchaser would need nothing more than the deed to give him possession of the property.

Nevertheless, it was alleged in the complaint that the vendor had bound himself to make material delivery of the property and had not complied with his obligation.

We agree with the appellant that, according to section 25 of the Law of Evidence, as the contract contained an express agreement regarding the delivery, it should be under-

stood that it contains all of the conditions relative to it. But we do not agree with the absolute conclusions which the appellant draws from the provision of the section of the Civil Code above cited. The execution of the deed creates the presumption *juris tantum* of the delivery. In the usual order of things a presumption is equivalent to a fact; but if in reality a contrary case should arise, the symbolic delivery recognized by section 1365 of the Civil Code would not finally decide the question.

Let us examine the facts of this case.

Counts 4 and 5 of the complaint are as follows:

"4th. That defendant Emilio Lizardi Echevarría had the above-described property leased to Ramón Lizardi y Díaz for a term of four years, beginning on the 1st of November, 1916, and to end on October 31, 1920, but the contract had not been recorded in the registry of property. One of its clauses is as follows:

" 'Fourth. The improvements made on the property shall be for the benefit of the lessor, Emilio Lizardi Echevarría, at the termination of the contract; but if during the term of the said contract the property should be sold and the purchaser should not accept this lease on the terms and conditions here agreed upon, then the lessor, Lizardi Echevarría, binds himself to pay to the lessee, Lizardi Díaz, the value of such improvements, and if the parties should not agree upon the value thereof, they shall submit the case to an arbitrator whose decision shall be binding on both parties.'

"5th. That the plaintiff acquired the property described in the second count of this complaint on the condition, of course, that he be put in the civil and material possession of the property * * *; that the vendor defendant expressly accepted this condition and bound himself, as a part of the contract, immediately to induce Ramón Lizardi to give full possession of the property to the purchaser, the plaintiff, without delay, the said vendor to pay to the lessee the value of such improvements as the latter might have made on the property, and that Lizardi Echavarría ignored this obligation, merely notifying the said lessee of the sale of the property and absolutely refusing to liquidate and pay for the improvements made and claimed by the lessee."

In our opinion the evidence showed that after the deed

was executed the purchaser sent his son to take possession of the property and the son quarreled with the lessee. The purchaser was intimidated and did nothing more. He was sued by the vendor for the amount of the first instalment of the purchase price and judgment by default was entered against him. Thereupon he brought this action.

It seems that in fact the vendor made some promises to facilitate the delivery, but that the vendor bound himself to oust the lessee was neither stated in the contract nor clearly made to appear from the evidence. The purchaser had knowledge of the lease. By virtue of the purchase the vendee became the owner. He was not obliged to respect the lease given by the former owner. If the lessee did not voluntarily agree to surrender the property the purchaser could compel him to do so by resort to the courts. The evidence examined does not show the existence of a real cause for the rescission of the contract.

In support of the foregoing we cite the judgment of the Supreme Court of Spain of December 21, 1905. It reads in part as follows:

"The principal basis of the first two grounds of the appeal is the supposition that the house conveyed in the deed of sale of October 9, 1893, was not delivered to the purchaser; but inasmuch as this averment is not sustained by the mere fact that the house was occupied by José Linde and is now occupied by his wife under an alleged title which has not been established, while on the contrary it is shown that the house was a part of the patrimony of the vendor and was recorded in the registry as such and as the purchaser could have so recorded it in his name and knew upon acquiring the house that it was occupied by José Linde, apparently by the mere tolerance of the owner, it is evident that the errors alleged in these two assignments do not exist: First * * *; second, because, Morales having accepted the said sale knowing that Linde occupied the house, he assumed the consequences of that fact, including the right to sue for the property on the title conveying its ownership to him; third, because if José Linde and later his wife have continued to occupy the said house, alleging a dominion title which has not yet

been proved, that fact and allegation can not affect the validity and consummation of the sale in question with all the rights inherent thereto, including calling the vendor in warranty, if necessary, and the legal value of the execution of the deed, in conformity with the provisions of section 1462 of the Civil Code." 102 *Jur. Civ.* 917, 925.

The judgment must be

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.